**Emilio GUERRERO, Plaintiff—Appellant,**

v.

**CITY AND COUNTY OF SAN FRANCISCO; Stephen Tittle, San Francisco Police Officer; Phillip Zaragosa; Mary Slaughter, Defendants—Appellees.**

No. 03–17313.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 28, 2005.

Sheila A. Reid, Esq., The Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

Jessica M. Ronco, Esq., The Scott Law Firm, Patrick J. Mahoney, Esq., Evan H. Ackiron, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: BEEZER and KOZINSKI, Circuit Judges, and CARNEY,* District Judge.

### MEMORANDUM **

Emilio Guerrero appeals the district court's grant of summary judgment in favor of Police Inspector Tittle for section 1983 claims and the City and County of San Francisco for a *Monell* claim. We affirm the district court.

We review de novo a grant of summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.2004). The parties are generally familiar with the facts of the case. We need not repeat them here.

### I

■ Guerrero claims that Tittle made material false statements and omissions leading the magistrate to issue an arrest warrant in violation of Guerrero's Fourth Amendment rights. To defeat a claim of qualified immunity, Guerrero must *"both* establish a substantial showing of a deliberate falsehood or reckless disregard and establish that, without the dishonestly included or omitted information, the magistrate would not have issued the warrant." *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir.1995).

Even if Guerrero makes a substantial showing of Tittle's deliberate falsehood or reckless disregard, Tittle is entitled to summary judgment because the falsehoods and omissions are not material. Probable cause is established and a neutral magistrate would issue a warrant against Guerrero if the affidavit did not include the term "often" to refer to the alleged incidents of molestation and did not state Tittle had "attempted to contact ... Emilio Guerrero with negative results" but did include discussion of the parents' custody dispute and that the father had previously made a similar report that was quickly closed due to questionable motives. *See Franklin v. Fox*, 312 F.3d 423, 438–39 (9th

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2002). The warrant application was supported by: Lluvia's statement to Tittle that Guerrero touched her in "my not good parts ... [a]ll the time" over the course of approximately the previous year, including on her private parts, indicating her vagina; Lluvia's separate statements during a coordinated interview that Guerrero touched her on her private parts, indicating the vaginal area; as well as a report from Lluvia's therapist that Lluvia told the therapist she didn't like Guerrero "touching her," his touching her on her bottom was an "uckey" touch and he also touched her chest area when she was in her underwear or pajamas at home. Based on this information, probable caused existed to issue an arrest warrant under California Penal Code § 288.5(a).

## II

■ Guerrero also claims that Tittle violated his clearly established due process right because Tittle continued the investigation although he knew or should have known that the accused was innocent. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074–76 (9th Cir.2001) (en banc). Tittle is entitled to the usual discretion given interviewers of child witnesses. *See id.* at 1075. Lluvia gave consistent statements that Guerrero had touched her in unpleasant ways on multiple occasions, even if her exact description of the conduct varied. Guerrero's due process claim fails.

## III

■ Without a constitutional tort the *Monell* claim fails and summary judgment was properly entered in favor of the City and County of San Francisco. *See Quin-*

*tanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir.1996).

AFFIRMED.